IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CSX TRANSPORTATION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:14-mc-00079-MJR-PMF |
| ) | |
| **AUBURN THIRTY SIX, LLC** ) | |
| **and MICHAEL GOLDSTEIN,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff CSX Transportation, Inc.'s ("CSX") Motion to Compel Deposition Testimony (Doc. 26) and a lingering unresolved issue from CSX's prior motion to compel (Doc. 18). CSX is currently engaged in discovery in aid of judgment pursuant to Rule 69 of the Federal Rules of Civil Procedure. In 2014 a judgment was entered in in the United States District Court for the Eastern District of Missouri in favor of CSX and against Auburn Thirty Six, LLC ("Auburn") and Michael Goldstein. CSX began proceedings to collect the judgment and soon became aware that assets belonging to Goldstein were located the Southern District of Illinois. On November 5, 2014 the amended judgment from the Eastern District of Missouri was registered in the Southern District of Illinois (Doc. 1) and CSX began discovery in aid of judgment in this district.

The first discovery dispute in this matter arose in regards to a request for production CSX served on Goldstein. (Doc. 18-1, p. 2 - 14). CSX's request for production sought financial records, bank statements and other records concerning Auburn and Goldstein. Goldstein declined to respond to the requests for production, and asserted his privilege against self-incrimination

under the Missouri Constitution and the Fifth Amendment to the United States Constitution, among other objections to the discovery requests. CSX filed a motion to compel (Doc. 18) and Goldstein filed a response in opposition (Doc. 22). The Court then issued an order (Doc. 25) holding that Missouri Constitutional protections were inapplicable in these proceedings, but Goldstein could reassert his Fifth Amendment right against self-incrimination by submitting the documents responsive to CSX's request for production in question for *in camera* review.

Goldstein declined to submit the documents responsive to CSX's request for production. However, the Court received an *in camera* submission consisting of a letter from the Defendants' Attorney and an affidavit from Michael Goldstein. Goldstein was directed to submit for *in camera* review the documents which could subject him to criminal liability. He submitted nothing other than his speculation. Notwithstanding the fact that CSX has no authority to initiate or conduct a criminal prosecution, nothing was submitted that would sustain that conclusion. Goldstein need not "establish that an answer to a question or an explanation why an answer cannot be given will in fact incriminate." *Martin-Trigona v. Gouletas*, 634 F.2d 354, 360 (7th Cir. 1980). But he must "tender some credible reason why a response would pose a real danger of incrimination." *Id.* Goldstein has failed to do so. Moreover, the Seventh Circuit has held that blanket assertions of the Fifth Amendment privilege against self-incrimination are "insufficient in a post-judgment proceeding." *Bank of Am., N.A. v. Veluchamy*, 643 F.3d 185, 187 (7th Cir. 2011). "[The] privilege must be asserted in a far more specific fashion." *Id*.

Right now there is no Constitutional impediment for Goldstein to respond to CSX's requests for production or to complete his deposition, complete with subpoenaed information. If a subsequent deposition occurs, any attempts to avoid answering on Constitutional grounds will be viewed as obstruction and subject to sanctions. CSX's motion to compel is hereby

GRANTED (Doc. 26) to the extent that Goldstein is hereby ordered to respond to CSX's deposition questions. The costs of the second deposition will be borne by Goldstein, not including attorney's fees. Goldstein shall also respond to CSX's requests for production.

**IT IS SO ORDERED.**

**DATED:   August 18, 2015.**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**